**STATE FARM MUTUAL AUTOMO-BILE INSURANCE CO.; State Farm Fire and Casualty Company,**

v.

**RED LION MEDICAL CENTER, INC. d/b/a Pro–Care Medical and Rehabilitation Center; Gregory Luchin; Michael Gliot; Yakov Rabinovich, M.D., P.C. d/b/a Pro–Care Medical and Rehabilitation Center; Irene Rabino-**

vich; Richard Schlessel, M.D.; Joseph Shnayderman; Marina Kats, Esquire; G.D.L. Management, Inc. Marina Kats, Appellant,

Michael Gliot, Appellant,

Richard Schlessel, M.D., Appellant.

Nos. 02–1039, 02–1097, 021272.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Jan. 28, 2003.

Decided Jan. 29, 2003.

Before SLOVITER and RENDELL, Circuit Judges, and DEBEVOISE, District Judge.*

OPINION OF THE COURT

RENDELL, Circuit Judge.

Appellants (collectively referred to as "Red Lion") seek review of orders of the Magistrate Judge granting the motions of Appellees (collectively referred to as "State Farm") for relief under Federal Rule of Civil Procedure 60(b) and for leave to file a second amended complaint.

Normally, a court of appeals only has jurisdiction over appeals of "final orders." 28 U.S.C. § 1291. The Magistrate's order under Rule 60(b) was not a final order, but rather, was an interlocutory one. *See Parks v. Collins*, 761 F.2d 1101, 1104 (5th Cir.1985) (Fed.R.Civ.P. 60(b)). As in this case, "[w]hen an order granting Rule 60(b) motion merely vacates the judgment and leaves the case pending for further determination, the order is akin to an order granting a new trial and in most instances, is interlocutory and nonappealable." *National Passenger Railroad Corp. v. Maylie*, 910 F.2d 1181, 1183 (3d Cir.1990) (citations omitted). Likewise, the Magistrate's order granting State Farm leave to file a second amended complaint was interlocutory. *Michelson v. Citicorp Nat'l Servs., Inc.*, 138 F.3d 508, 512 (3d Cir.1998).

A party may appeal non-final—or, "interlocutory" orders—under certain circum-

---

* The Honorable Dickinson R. Debevoise, Senior Judge, United States District Court for the District of New Jersey, sitting by designation.

stances. Most of these circumstances are outlined in 28 U.S.C. § 1292. Here, none of these circumstances apply. Red Lion, nevertheless, argues that the Magistrate Judge's order is appealable for two reasons: (1) the order was not in her power to make—i.e., it was ultra vires—and (2) the District Court has failed to review its objections to the Magistrate Judge's order. We find these arguments unavailing. Even if it were true that the Magistrate Judge's actions were ultra vires and that the District Court was derelict, we do not see—and appellants have failed show—how our jurisdiction is triggered. The District Court clearly has retained jurisdiction over the matter, which has not yet come to a conclusion. When the Court has finally disposed of the matter, Red Lion may appeal and raise the arguments it has presented to us.

Accordingly, we will dismiss the appeals for lack of jurisdiction.